UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| COCA-COLA, REFRESHMENTS, USA, INC., | ) |  |
|---|---|---|
|  | ) | No. 16 CV 6636 |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Magistrate Judge Young B. Kim |
|  | ) |  |
| MORTON GAS & FOOD, INC. and SHAKEEL ULLAH KHAN, | ) |  |
|  | ) |  |
|  | ) | September 24, 2018 |
| Defendants. | ) |  |

**MEMORANDUM OPINION and ORDER**

Plaintiff Coca-Cola Refreshments, USA, Inc. ("CCR") filed this suit against Defendants Morton Gas & Food, Inc. and Shakeel Ullah Khan alleging unjust enrichment and seeking a constructive trust and injunctive relief. Before the court is CCR's Motion to Enforce a Settlement Agreement it says the parties reached on January 24, 2018. (R. 43.) For the following reasons, CCR's motion is granted:

**Background**

According to CCR's complaint, Khan is the president and manager of a gas station and convenience store known as Morton Gas & Food, which distributed Coca-Cola merchandise through the summer of 2015. (R. 1, Compl. ¶¶ 9-10.) To facilitate Defendants' sale of Coca-Cola products, CCR operated a Coca-Cola Refreshment Rerouting account that was linked to Defendants' bank account for electronic monetary transactions. (Id. ¶¶ 7, 12, 14.) In June and July 2015, CCR inadvertently transferred a total of $137,123.45 to Defendants' account. (Id. ¶ 15.) Upon

discovering the mistake, CCR contacted Defendants to recover the funds, but Khan refused to return any of the funds, claiming he had already used some or all of the money. (Id. ¶¶ 18-22.) In response, CCR filed this lawsuit.

The parties consented to this court's jurisdiction in November 2016, (R. 17), and attended an in-person settlement conference on March 28, 2017, (R. 25). Although the parties reached a tentative deal during that conference, the deal ultimately was not finalized because Defendants were unable to secure adequate financing to fund the settlement. (R. 43, Pl.'s Mot. ¶ 3.)

After the in-person settlement conference and following some discovery, Defendants made an informal offer of $75,000 to settle the case in December 2017, contingent on Defendants securing a loan. (R. 43, Pl.'s Mot. ¶ 4.) CCR refused to accept this contingent offer. But on January 24, 2018, Defendants emailed CCR, saying "Defendants hereby make a non-contingent offer to pay Coca-Cola $75,000.00 in full settlement of all claims each has against the other. The final payment would be due no later than March 1, 2018." (R. 43-1, Ex. A. at 2.) That same day CCR responded by email, saying "Plaintiff will accept the offer of $75,000 in full and final settlement of the claims contingent upon Defendants' agreement to execute the attached Confession Judgment as part of the Settlement Agreement." (Id. at 1.) A half-hour later Defendants responded in an email reading "Defendant agrees to execute the Confession of Judgement." (Id.) The parties further affirmed their agreement in separate emails to the court on February 6, 2018, even though the

Confession Judgment had not yet been signed. (R. 43-3, Ex. C. at 2-3.) Defendants updated the court "that the case has been settled[.]" (Id. at 2.)

Despite the parties' confirmed agreement, Defendants have neither paid the agreed upon settlement amount nor signed the written settlement agreement or confession of judgment. (R. 43, Pl.'s Mot. ¶¶ 10-11; R. 43-4, Ex. D.) In March 2018, Defendants informed CCR that loans they had been expecting had been denied, and they were no longer willing to sign the agreement. (R. 43, Pl.'s Mot. ¶ 12). In response, CCR filed the current motion to enforce the January 24, 2018 agreement and to have a judgment entered against Defendants for $75,000.

**Analysis**

Settlement agreements are considered contracts and the ordinary principles governing contracts apply. *See Conway v. Done Rite Recovery Servs.*, No. 14 CV 5182, 2016 WL 6804572, at *2 (N.D. Ill. Nov. 17, 2016). Further, "[s]tate contract law governs issues concerning the formation, construction, and enforcement of settlement agreements." *Beverly v. Abbott Labs.*, 817 F.3d 328, 333 (7th Cir. 2016) (citing *Sims-Madison v. Inland Paperboard & Packaging, Inc.*, 379 F.3d 445, 448 (7th Cir. 2004) and *Pohl v. United Airlines, Inc.*, 213 F.3d 336, 338 (7th Cir. 2000)).

For putative contracts to be enforceable under Illinois law, the terms of the agreement must be definite, and the parties must manifest an intent to be bound by the agreement. *See Craftwood Lumber Co. v. Interline Brands, Inc.*, No. 11 CV 4462, 2014 WL 4724387, at *4 (N.D. Ill. Sept. 23, 2014) (collecting cases). In other words, "the material terms must be sufficiently 'definite and certain' for a reviewing court to

3

ascertain the parties' agreement." *Lewis v. Sch. Dist. #70*, 648 F.3d 484, 486 (7th Cir. 2011). Additionally, "[a] settlement agreement is enforceable if there was a meeting of the minds or mutual assent to all material terms." *Beverly*, 817 F.3d at 333 (citations omitted).

With respect to intent, Illinois law dictates that the parties' objective actions determine the intent to be bound, "rather than their subjective mental processes[.]" *Id.* at 333 (citing *Newkirk v. Vill. of Steger*, 536 F.3d 771, 774 (7th Cir. 2008); *Int'l Minerals & Chem. Corp. v. Liberty Mut. Ins. Co.*, 522 N.E.2d 758, 764 (Ill. App. Ct. 1988) ("The paramount objective is to give effect to the intent of the parties as expressed by the terms of the agreement.")). Under this objective theory of intent, whether the parties came to an enforceable agreement "is determined not by their actual subjective intent, but by what they expressed to each other in their writings," such that "informal writings between parties can constitute a binding settlement agreement unless the parties decide to expressly condition their deal on the signing of a formal document." *Abbott Labs. v. Alpha Therapeutic Corp.*, 164 F.3d 385, 387-88 (7th Cir. 1999) (citing *Empro Mfg. Co. v. Ball-Co Mfg., Inc.*, 870 F.2d 423, 425 (7th Cir. 1989)). This means that in Illinois, "email exchanges can constitute a binding agreement." *Conway*, 2016 WL 6804572, at *3 (citation and internal quotation omitted).

Illinois courts are reluctant to enforce a documented settlement when the parties' behavior clearly indicates that tentative agreements are contingent on a more formal arrangement. *See N.B. v. Norwood*, No. 11 CV 6866, 2015 WL 7300476, at *5

4

(N.D. Ill. Nov. 19, 2015); *see also Dawson v. General Motors Corp.*, 977 F.2d 369, 374 (7th Cir. 1992) ("Illinois courts have not been shy about enforcing promises made in the context of ongoing negotiations and often involving preliminary or 'incomplete' agreements."); *Cotton v. Adams*, No. 16 CV 4565, 2017 WL 9517515, at *3 (N.D. Ill. Feb. 23, 2017) ("Equally inapposite are . . . arguments that the settlement agreement is unenforceable because it is unsigned."). For instance, in *Beverly*, 817 F.3d at 333, the Seventh Circuit "concluded that the handwritten agreement was enforceable because the agreement sufficiently define[d] the parties' intentions and obligations," whereas in *Empro,* "the court held that the parties did not intend to be bound by preliminary negotiations where the objective evidence . . . stated that the agreement was 'subject to' certain conditions." *Solaia Tech. LLC v. ArvinMeritor, Inc.*, No. 02 CV 4704, 2006 WL 695699, at *9 (N.D. Ill. Mar. 16, 2006) (citing *Empro*, 870 F.2d at 425).

Here, the parties' email exchange on January 24, 2018, demonstrates their mutual intent to be bound by the settlement amount of $75,000 and Defendants' agreement to execute and sign a confession judgment. Defendants' writings made clear that they were making "a non-contingent offer to pay Coca-Cola $75,000.00 in full settlement of all claims each has against the other." (R. 43-1, Ex. A. at 2.) That non-contingent offer was met with CCR's acceptance, contingent on Defendants' "agreement to execute the attached Confession Judgment." (Id. at 1.) CCR's contingency for acceptance—that Defendants simply *agree* to sign, but not *actually* sign, the confession judgment—was satisfied by Defendants' email confirming that "Defendant agrees to execute the Confession of Judgement." (Id.) The noncontingent

5

language of the offer, Defendants' clear and unconditional acceptance of the terms of CCR's contingent acceptance, and the definiteness of the settlement terms created a binding agreement to settle the case for $75,000 with Defendants agreeing to sign a confession judgment. Indeed, the subsequent emails to the court on February 6, 2018, reflect the parties' mutual understanding that a binding agreement had been reached. Because the parties' conduct does not suggest that they required formal documentation of the settlement or that the settlement was subject to any unmet contingency, the informal writings constitute sufficient evidence of an enforceable agreement.

Defendants have not developed any legal arguments in response to CCR's motion to enforce the settlement. Instead, they admit that the email exchange played out as set forth in this order, but assert without explanation that "the settlement correspondence does not show that defendants agreed to execute a confession." (R. 54, Defs.' Resp. ¶ 7.) That assertion is difficult to square with the evidence that Defendants confirmed in writing that they did agree to execute a confession judgment. In their response Defendants also admit that they never paid CCR the $75,000, explaining that "they were unable to raise the necessary funds." (Id. ¶ 16.) But they point to nothing in the settlement exchange suggesting that the agreement was contingent on them securing funding. Instead, they simply assert that because they did not sign the written settlement agreement, they are not bound by anything in the confession judgment. (Id. ¶ 17.) Defendants' undeveloped and unsupported assertions are insufficient to rebut the evidence that the parties reached a binding

settlement agreement. "The terms of a settlement agreement . . . cannot be undone because one of the parties seeks to avoid the consequences of the settlement agreement to which he knowingly chose to enter." *Kaminski v. Wiens*, No. 10 CV 4322, 2016 WL 4701439, at *2 (N.D. Ill. Sept. 8, 2016) (citing *Taylor v. Gordon Flesch Co., Inc.*, 793 F.2d 858, 863 (7th Cir. 1986)).

## Conclusion

For the foregoing reasons, CCR's motion to enforce the settlement agreement as of January 24, 2018, is granted, and the court enters judgment against Defendants in the amount of $75,000.

ENTER:

_____
Young B. Kim
United States Magistrate Judge